Fred A. MILLER, Plaintiff,

v.

PARADISE OF PORT RICHEY, INC.,
d/b/a Sun Cruz Casinos and Suncruz
Casino, Ltd., Defendants.

No. 99–148–CIV–T–24(F).

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 9, 1999.

Craig L. Berman, Berman Law Firm, P.A., St. Petersburg, FL, for Fred A. Miller, individually and on behalf of all other individuals similarly situated, plaintiff.

M. Kristen Allman, Marc R. Edelman, Haynsworth, Baldwin, Johnson & Greaves LLC, Tampa, FL, Lawrence D. Crow, Larry Crow, P.A., Tarpon Springs, FL, for Paradise of Port Richey, Inc., dba, Sun Cruz Casino, defendant.

M. Kristen Allman, Marc R. Edelman, Haynsworth, Baldwin, Johnson & Greaves LLC, Tampa, FL, for Suncruz Casino, Ltd., defendant.

## ORDER

BUCKLEW, District Judge.

This cause comes before the Court on plaintiff's Motion for Award of Liquidated Damages, Front–Pay, and Entry of Final Judgment Against Defendant Suncruz Casino, Ltd. (Doc. No. 31). Defendant Suncruz Casino, Ltd. ("Suncruz") has filed a response in opposition (Doc. No. 38).

### I. Background

On March 17, 1999, plaintiff filed his amended complaint against Suncruz seeking damages for retaliatory discharge un-

der 29 U.S.C. § 215(a)(3). Suncruz was served with plaintiff's amended complaint on March 30, 1999. On May 7, 1999, plaintiff moved for a default against Suncruz for failure to answer, and on May 10, 1999, the Clerk entered a default against Suncruz. On September 29, 1999, the Court held a hearing regarding default judgment against Suncruz. During that hearing, plaintiff testified as to the extent of his damages with regard to his claim against Suncruz. On October 5, 1999, the Court denied Suncruz's motion to set aside default and directed the Clerk to enter default judgment against Suncruz in the amount of $19,931.28. The $19,931.28 judgment represents the amount of damages that plaintiff testified to at the September 29, 1999 default judgment hearing.

On October 18, 1999, plaintiff filed the instant motion seeking an award of liquidated damages and front-pay. Plaintiff argues that an award of liquidated damages under 29 U.S.C. § 216(b) is mandatory in this case given the fact that as a defaulted party, Suncruz has admitted the allegations of the complaint, and those allegations preclude a finding of good faith on Suncruz's part. Suncruz responds that liquidated damages are not mandatory in section 215(a)(3) actions. Rather, Suncruz contends that liquidated damages are appropriate in retaliation claims only when they serve to effectuate the purposes of the anti-retaliation provisions. Also at issue are plaintiff's motions for front pay and for final judgment against Suncruz.

## II. Discussion

### (A). Liquidates Damages

Title 29 U.S.C. § 216(b) states in pertinent part that:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

As noted above, the parties dispute whether an award of liquidated damages is mandatory to a prevailing plaintiff under section 215(a)(3).

■ An award of liquidated damages for a violation of 29 U.S.C. § 206 or 29 U.S.C. § 207 is based on the assumption that damages which may result from the retention of an employee's pay are too obscure and difficult to calculate with certainty. See Lindsey v. American Cast Iron Pipe Co., 810 F.2d 1094, 1102 (11th Cir.1987). It appears that in the Eleventh Circuit, the law is well settled that a prevailing plaintiff under 29 U.S.C. §§ 206 and 207 is entitled to a mandatory award of liquidated damages unless the district court explicitly finds that the defendant acted in good faith in violating the Fair Labor Standards Act ("FLSA"). See, e.g., Spires v. Ben Hill County, 980 F.2d 683 (11th Cir.1993); E.E.O.C. v. White and Son Enterprises, 881 F.2d 1006 (11th Cir.1989); Glenn v. General Motors Corp., 841 F.2d 1567 (11th Cir.1988); C.D. Joiner v. City of Macon, 814 F.2d 1537 (11th Cir.1987). Under a section 215(a)(3) violation, the mandatory nature of a liquidated damages award is not so well settled.

Upon review, this Court was unable to find an Eleventh Circuit opinion which directly speaks to the mandatory or discretionary nature of liquidated damages under a section 215(a)(3) claim. In fact, the

Eighth Circuit has stated that only two circuit courts have "fully discuss[ed] this issue." *Braswell v. City of El Dorado, Arkansas*, 187 F.3d 954, 959 (8th Cir. 1999). However, at least three circuit courts, including the Eleventh Circuit, have discussed an award of liquidated damages in cases with both section 206 and section 215(a)(3) claims. *See White and Son Enterprises*, 881 F.2d at 1012; *Avitia v. Metropolitan Club of Chicago*, 49 F.3d 1219 (7th Cir.1995); *Lowe v. Southmark Corp.*, 998 F.2d 335 (5th Cir.1993). To summarize the circuit court opinions, two circuits have held that liquidated damages are not mandatory in section 215(a)(3) actions[1]; two have held/implied that they are[2]; and one has effectively left the question open[3]. To define the controversy, the "non-mandatory" circuits have found that the language of section 216(b) clearly provides that the district courts have discretion as to the award of liquidated damages in a section 215(a)(3) case. *See Braswell* and *Blanton, supra.* Specifically, those circuits have found that the "as may be appropriate" language in section 216(b) plainly vests the district courts with discretionary power to award liquidated damages. *See id.* The "mandatory" circuits have either not discussed the "as may be appropriate" language (*Lowe*), or have suggested that the district court's discretion is limited to equitable relief such as reinstatement or promotion (*Avitia*). *See Lowe* at 337–38; *Avitia* at 1231–32.

1. The Eighth Circuit in *Braswell*, and the Sixth Circuit in *Blanton v. City of Murfreesboro*, 856 F.2d 731 (6th Cir.1988).

2. The Seventh Circuit in *Avitia* and the Fifth Circuit in *Lowe*.

3. The Eleventh Circuit in *White and Son Enterprises*. The Court contends that the question was "left open" in this case due to the fact that the circuit court evaluated the award of liquidated damages where the defendant had violated both section 206 and section 215(a)(3). In its discussion of the mandatory nature of liquidated damages (subject to the "good faith defense"), it is not entirely clear

This Court agrees with the proposition that in retaliation claims under 29 U.S.C. § 215(a)(3), an award of liquidated damages is mandatory unless the Court explicitly finds that the defendant acted in good faith in violating the Fair Labor Standards Act. First, it seems illogical to assume that an employee is entitled to receive liquidated damages as a matter of course in claims involving the non-payment of overtime, minimum wages, or equal pay (section 206 and 207 claims), but is not in claims where the employee is retaliated against for filing a complaint under the Act. For example, the same damages that are "too obscure and difficult to calculate" as a result of an employee not being paid overtime are also present when an employee is illegally discharged and no longer receives *any* pay from the employer. Second, although section 216(b) does contain discretionary language which allows a Court to determine what remedies may best effectuate the purposes of section 215(a)(3), that discretionary language seems to be directed to equitable remedies such as reinstatement, and not to more traditional remedies such as lost wages. In other words, while a court may have good reason to exercise discretion in awarding a monetary remedy such as front pay over an equitable remedy such as reinstatement, the same need for discretion does not exist with an award of lost wages or liquidated money damages.[4] Finally, the Eleventh Circuit has strongly estab-

whether the court was speaking just to the section 206 violations, or both the section 206 and section 215(a)(3) claims together. *See id.* at 1012–13. However, *White and Son Enterprises* can be read to hold that liquidated damages are mandatory under both sections due to the fact that they were awarded on both claims in that case after the court specifically found a lack of good faith on the part of the defendant.

4. For instance, reinstatement may be an inappropriate remedy where there is great hostility between the employer and an employee who has been discharged in retaliation for filing an FLSA claim. In such a situation,

lished that an award of liquidated damages is not discretionary in section 206 and section 207 claims unless the district court explicitly finds good faith on the part of the defendant. *See, e.g., Spires v. Ben Hill County,* 980 F.2d 683 (11th Cir.1993); *E.E.O.C. v. White and Son Enterprises,* 881 F.2d 1006 (11th Cir.1989); *Glenn v. General Motors Corp.,* 841 F.2d 1567 (11th Cir.1988); C.D. *Joiner v. City of Macon,* 814 F.2d 1537 (11th Cir.1987). With this in mind, the court's opinion in *White and Son Enterprises* militates toward a finding that mandatory liquidated damages also apply in section 215(a)(3) cases. Thus, the plaintiff in this case is entitled to liquidated damages on his section 215(a)(3) claim unless the Court explicitly finds that the defendant acted in good faith in violating that section.

### (B). *Liquidated Damages and Default Judgment*

 As noted above, liquidated damages are mandatory in this case unless the Court makes an explicit finding of good faith. Plaintiff argues that the Court is precluded from making such a finding due to the fact that Suncruz has had default judgment entered against it. In other words, plaintiff argues that since Suncruz has admitted all of the allegations of the complaint by virtue of its default, the Court cannot find good faith because Suncruz has admitted a wilful violation of section 215(a)(3). Obviously, a wilful violation of the Act would preclude a finding of good faith. *See Glenn v. General Motors Corp.,* 841 F.2d 1567, 1573 (11th Cir.1988).

 The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact. Liability, if well-pleaded, is established by virtue of a default. *See Buchanan v. Bowman,* 820

F.2d 359, 361 (11th Cir.1987). Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2688 at 58–59 (3d ed.1998).

In this case, the plaintiff has alleged that he was terminated in retaliation for voicing opposition to Suncruz's violations of the FLSA. *See* Doc. No. 7 at 9. He also alleges that Suncruz willfully violated the Act. *See id.* As a defaulted party, Suncruz has admitted these allegations. *See Buchanan,* 820 F.2d at 361. On September 29, 1999, the Court held a hearing regarding plaintiff's damages. During that hearing, plaintiff testified as to the extent of his damages and provided a liquidated sum with regard to his claim against Suncruz. By virtue of its default, Suncruz has admitted a wilful violation of section 215(a)(3), and the Court is precluded from finding good faith. *See Buchanan,* 820 F.2d at 361; *Glenn,* 841 F.2d at 1573. Therefore, plaintiff is entitled to an award of liquidated damages on his claim. *See White and Son Enterprises,* 881 F.2d at 1012.

### (C). *Plaintiff's Claim for Front Pay*

 Unlike liquidated damages, an award of front pay in a section 215(a)(3) case is left to the discretion of the Court. *See* 29 U.S.C. § 216(b); *Avitia,* 49 F.3d at 1231–1232. At the September 29, 1999 default hearing, the plaintiff presented no evidence as to why an award of front pay would be proper in this case, nor did he offer evidence as to why front pay would be appropriate to effectuate the purposes of section 215(a)(3). In *Avitia,* Judge Posner cautioned that district courts should

front pay would be a sensible alternative to reinstatement. However, with an award of lost wages and/or liquidated damages, the

Court cannot think of a situation where discretion would be needed to best effectuate the purposes of the anti-retaliation provisions.

guard against being "overly generous" when awarding front pay in cases where an employee receives liquidated damages. Specifically, an award of front pay on top of liquidated damages may cause overcompensation. *See Avitia*, 49 F.3d at 1232. In this case, the Court has received no evidence that an award of front pay would be appropriate, nor has the plaintiff shown how such an award would act to effectuate the purposes of section 215(a)(3). *See* 29 U.S.C. § 216(b). Therefore, plaintiff's request for front pay is denied.

(D). *Plaintiff's Request for Final Judgment*

 Plaintiff has requested that the Court certify the default judgment entered against Suncruz as a final appealable order under Rule 54(b), Fed.R.Civ.P.. Rule 54(b) allows the Court to direct the entry of final judgment against a single party in a multi-party case where there is no just reason to delay the entry of judgment. The Court finds no reason to delay the entry of final judgment against Suncruz, nor have the parties offered any such reason.

Accordingly, it is ORDERED AND ADJUDGED that plaintiff's Motion for Award of Liquidated Damages, Front–Pay, and Entry of Final Judgment Against Defendant Suncruz Casino, Ltd. (Doc. No. 31) is GRANTED IN PART and DENIED IN PART. The Clerk is instructed to enter judgment against defendant Suncruz Casino, Ltd., and in favor of the plaintiff in the amount of $19,931.28 as liquidated damages under 29 U.S.C. § 216(b)[5]. Plaintiff's motion for an award of front pay is DENIED. Plaintiff's motion for final judgment under Rule 54(b), Fed.R.Civ.P. is GRANTED. The Court hereby finds and expressly determines that there is no just reason for delay, and expressly directs that the several orders, awards, allowances, and judgments set forth in this case against defendant Suncruz Casino, Ltd. shall be deemed a final judgment entered in accordance with Rule 54(b), Fed.R.Civ. P., and that judgment thereon shall be so entered without delay.

**DONE AND ORDERED.**

---

5. This liquidated award is equal to plaintiff's damages for lost wages awarded in Doc. No.

28. *See White and Son Enterprises,* 881 F.2d at 1013.