**DIRECTV, INC., Plaintiff,**

v.

**Charlie TRAWICK, Defendant.**

No. 1:03–CV–829–F.

United States District Court,
M.D. Alabama,
Southern Division.

March 16, 2005.

Enrique Jose Gimenez, Sara Anne Ford, Suzanne Alldredge Fleming, Lightfoot Franklin & White LLC, Birmingham, AL, for Plaintiff.

Charlie Trawick, Dothan, AL, pro se.

## MEMORANDUM OPINION AND ORDER

FULLER, Chief Judge.

Now pending before this court is the motion for default judgment (Doc. # 17) filed by the plaintiff DIRECTV, Inc., (hereinafter "DIRECTV") on July 21, 2004. By its motion, DIRECTV seeks a default judgment against the defendant Charlie Trawick (hereinafter "Trawick"), an award of statutory damages in the amount of $10,000.00, and $850.00 in attorneys' fees and costs. A default was entered against Trawick on October 24, 2003 (Doc. # 4). Although given an opportunity to do so, Trawick has not objected to an entry of default judgment, and an award of damages and costs against him.[1]

Upon consideration of the motion and the affidavit submitted by DIRECTV, the Court concludes that the motion (Doc. # 17) is due to be GRANTED and a default judgment is due to be ENTERED against Trawick.

## I. BACKGROUND

DIRECTV is a California-based company that distributes satellite television programming to customers in the United States. To prevent the unauthorized reception and use of its programming, DIRECTV digitally scrambles its programming using encryption technology. DIRECTV's customers use satellite receivers and access cards to unscramble the programming. Access cards are the size of credit cards and contain chips that unscramble DIRECTV's satellite programming and monitor DIRECTV customers' pay-per-view programming purchases. To prevent the unauthorized use of access cards, DIRECTV periodically transmits streams of data that disable unauthorized access cards.

Although DIRECTV encrypts its television programming and disables unauthorized access cards, devices exist that allow individuals to circumvent DIRECTV's prophylactic efforts. These black market devices, known as pirate access devices, are readily available through Internet retailers. Pirate access devices use both hardware and software to restore the ability of disabled access cards to unscramble DIRECTV's programming.

In the instant case, DIRECTV alleges that on or about March 26, 2001, defendant Trawick purchased one or more pirate access devices from retailer Vector Technologies (Doc. # 2, Am. Compl. at ¶ 18). Specifically, DIRECTV alleges that Trawick purchased one pirate access device, known as a "Vector Smart Card Emulator," from Vector Technologies. (*Id.*). Based on this purchase, DIRECTV alleges that Trawick is liable for civil conversion and for violations of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, *et seq.*, and the Electronic Communications Policy Act of 1986, 18 U.S.C. §§ 2510, *et seq.* The court's jurisdiction has been properly invoked. 47 U.S.C. § 605(e)(3)(A); 28 U.S.C. §§ 1331 & 1367(a). As previously mentioned, Trawick has failed to answer or defend this lawsuit in any way.

## II. DEFAULT JUDGMENT STANDARD

According to Federal Rule of Civil Procedure 55(a), "[w]hen a party against

---

1. *See* Doc. # 22 (Order directing defendant to respond to the motion for default judgment and advising him that, if he fails to respond, the court will grant the relief sought in the motion).

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Rule 55(b)(1) provides for entry of judgment by default by the clerk of the court "[w]hen the plaintiff's claims against a defendant is for a sum certain or for a sum which can by computation be made certain," which is not the situation here. Rule 55(b)(2) states that "[i]n all other cases the party entitled to a judgment by default shall apply to the court therefore."

However, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment." *DIRECTV, Inc. v. Huynh,* 318 F.Supp.2d 1122, 1127 (M.D.Ala.2004) (Thompson, J.) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir.1975)).

> There must be a sufficient basis in the pleadings for the judgment entered.... The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover.

*Id.* Accordingly, in ruling on the motion for default judgment the court must examine in further detail the defendant's liability under the causes of action alleged in the Complaint. Nonetheless, "[w]hether to grant a motion for default judgment is within the trial court's discretion." *Huynh,* 318 F.Supp.2d at 1127 (citing *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1542 (11th Cir.1985)).

## III. DISCUSSION

DIRECTV requests that this Court enter a default judgment and award statutory damages against Trawick, yet it has been inconsistent in explaining under which statute it seeks those damages. DIRECTV's Complaint [2] alleges the violation of two statutes: 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1).[3] However, in its prayer for relief in the Complaint, DIRECTV requested, in the event of a default, damages only for violation of 47 U.S.C. § 605(a). (Am. Compl. at p. 11). Incompatible with the Complaint, DIRECTV's memorandum of law in support of the motion for default judgment argues that it is entitled to relief for violations of both statutes. (Doc. # 18, Pl.'s Mem.; Doc. # 23, Pl.'s Aff. at ¶ 9). Notwithstanding this new argument, the court will hold DIRECTV to the request

---

**2.** DIRECTV filed its original Complaint in this matter against Trawick and numerous other defendants on April 17, 2003. By order entered on August 6, 2003, United States Magistrate Judge Susan Russ Walker ordered that DIRECTV's actions against all of the defendants be severed from each other and that DIRECTV file separate amended complaints against each individual defendant (Doc. # 1). As a result, DIRECTV filed its Amended Complaint on August 21, 2003 (Doc. # 2, Am. Compl.). Notwithstanding, the court will hereinafter refer to the Amended Complaint as "Complaint."

**3.** The court notes that DIRECTV's Complaint alleges four counts against Trawick: Count One alleges a violation of 47 U.S.C. § 605(a),

Count Two alleges a violation of 18 U.S.C. § 2511(1), Count Three alleges a violation of 18 U.S.C. § 2512(1)(b), and Count Four alleges a state law civil conversion claim. As this court has previously held that 18 U.S.C. § 2512 does not provide for a private cause of action, the court need not address DIRECTV's request for relief based upon Count Three. *See e.g., Directv, Inc. v. Kelly Norris, et al.,* 2:03cv815–F (August 17, 2004) (Doc. # 39); *Directv, Inc. v. Bobby Craig, et al.,* 2:03cv818–F (Aug. 17, 2004) (Doc. # 20). *See also DirecTV, Inc. v. Treworgy,* 373 F.3d 1124 (11th Cir.2004) (holding that no private cause of action exists for violation of § 2512). Further, it is clear that DIRECTV does not seek default judgment damages on its state law conversion claim.

made in the Complaint and only considers the relief requested under 47 U.S.C. § 605(a).[4]

## A. Statutory Damages Under 47 U.S.C. § 605(a)

### 1. Liability

■ As mentioned above, in order to rule on the motion for default judgment, the court must first examine Trawick's liability under the cause of action alleged in the Complaint. 47 U.S.C. § 605(e)(3) of the Cable Communications Act[5] (hereinafter "Cable Communications Act") provides a civil remedy for any person aggrieved by violations of § 605(a). *See e.g., Huynh,* 318 F.Supp.2d at 1128. As aforementioned, Count One of the Complaint alleges a violation of § 605(a). This section of the Cable Communications Act states that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio[6] and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). DIRECTV alleges that Trawick "purchased one or more pirate access devices" and "received and assisted others in receiving DIRECTV's satellite transmissions of tele-

vision programming without authorization." (Am. Compl. at ¶s 18, 23). The court finds that DIRECTV has adequately alleged that Trawick purchased one pirate access device[7] and that he intercepted DIRECTV's satellite communications in violation of § 605(a). Further, the court finds that Trawick, by his default, has admitted these allegations and admitted his liability for a violation of § 605(a). *See Huynh,* 318 F.Supp.2d at 1128 (finding that, by defaulting, defendant had admitted his liability for the violation); *DirecTV, Inc. v. McDougall,* 2004 WL 2580769, * 1(W.D.Tex., Nov. 12, 2004) (same); *DIRECTV, Inc. v. Borich,* 2004 WL 2359414, *2–3 (S.D.W.Va., Sept. 17, 2004) (same).

### 2. Award of Damages

Having found that Trawick, by his default, is liable to DIRECTV for violation of § 605(a), the court must determine the damages to be awarded.[8] Violations of § 605(a) are calculated in accordance with 47 U.S.C. § 605(e)(3)(C)(i), which states in pertinent part:

Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses; (I) the party aggrieved may

---

4. Even assuming *arguendo* that DIRECTV seeks statutory damages for violation of 18 U.S.C. § 2511, the court exercises its discretion to award no damages to DIRECTV under that statute. *See* 18 U.S.C. § 2520(c)(2); *DIRECTV v. Brown,* 371 F.3d 814 (11th Cir. 2004) (holding that district court has discretion to award damages under 18 U.S.C. § 2520(c)(2)). As DIRECTV will receive a judgment against Trawick for his violation of 47 U.S.C. § 605, a violation premised on the same underlying conduct, the court finds that an award of damages for violation of 18 U.S.C. § 2511 would be exorbitant.

5. 47 U.S.C. §§ 521, *et seq.*

6. Although the statute uses the term "radio," all courts construing § 605(a) have assumed

that the statute also applies to transmissions and interception of satellite cable programming. *See* 47 U.S.C. § 605(b).

7. Because DIRECTV alleges that Trawick purchased "one or more pirate access devices" and then further specifies in the same paragraph that he "purchased a 'Vector Smart Card Emulator,'" (Am. Compl. at ¶ 18), the court finds that the relevant well-pleaded fact in this case is that Trawick purchased a single pirate access device namely, the Vector Smart Card Emulator.

8. In this instance, the court has the discretion to award damages. *See* 47 U.S.C. § 605(e)(3)(B)(ii).

recover the actual damages suffered by him as a result of the violation ...; or (II) the party aggrieved may recover an award of statutory damages for each violation ... involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just.

47 U.S.C. § 605(e)(3)(C)(i). This court has previously set forth a number of factors to be considered in determining a just imposition of damages:

(1) the number of § 605(a) violations involved; (2) whether the defendant profited as a result of his violation; (3) whether the defendant assisted or induced others in violating the statute; (4) whether the defendant's violation was willful or flagrant; (5) whether the damage award will be sufficient to deter similar conduct; and (6) whether the damage award is comparable to awards in similar cases.

*Huynh*, 318 F.Supp.2d at 1131–1132 (citations omitted).

According to its Complaint and motion for default judgment, DIRECTV seeks "statutory damages of $10,000.00" for Trawick's violation of 47 U.S.C. § 605(a). (Am. Compl. at p. 11; Doc. # 17, Mot. Default J.). Thus, in this case, pursuant to 47 U.S.C. § 605(e)(3)(C)(i), the court finds that DIRECTV has elected statutory damages.

■ Considering the circumstances of this case and the factors enumerated above, the court finds that an award of $1,000.00 in damages for Trawick's violation of 47 U.S.C. § 605(a) is just. In its memorandum brief in support of its motion for default judgment, DIRECTV seeks $10,000.00 for each illegal device

Trawick purchased and used in violation of § 605(a) (Doc. # 17). Although by default Trawick admits to purchasing one pirate access device, using one or more of these devices to display DIRECTV programming that he did not pay for, and intercepting DIRECTV's satellite communications in violation of § 605(a), DIRECTV failed to allege in its Complaint how many unauthorized interceptions were made by Trawick. Consequently, the court finds that DIRECTV has only alleged that one unauthorized interception was made in violation of § 605(a).[9] Hence, the court concludes that Trawick committed one violation of § 605(a).

Moreover, "[t]he burden is on DIRECTV to provide justification for why damages in excess of the minimum should be awarded." *Huynh*, 318 F.Supp.2d at 1132. DIRECTV has not introduced any evidence that Trawick profited as a result of his violation, nor that he assisted or induced others to violate the statute. Furthermore, there is no evidence that an award of $1,000.00 will not deter similar conduct. Indeed, an award of $1,000.00 in damages combined with an award of attorneys' fees, *see infra*, should be sufficient to deter future violations. The court further notes that other courts have awarded similar damages in comparable cases. *See, e.g., Borich*, 2004 WL 2359414 at * 6 (awarding minimum statutory damages under § 605); *Huynh*, 318 F.Supp.2d at 1132 (same). Accordingly, the court concludes that default judgment in the amount of $1,000.00 will be entered against Trawick.

### B. Attorneys' Fees

DIRECTV also seeks an award of reasonable attorneys' fees and other litigation

---

9. DIRECTV argues that it has recovered evidence of two additional purchases of pirate access devices by Trawick and submits this evidence to support its request for statutory damages based upon the one device named in its Complaint (Doc. # 17). The court is not persuaded by this argument nor the evidence of additional purchases as "it is clear from the statute's language that possession of a pirate access device standing alone does not amount to a [§ 605(a)] violation." *Huynh*, 318 F.Supp.2d at 1131.

costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii). This section provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to any aggrieved party." 47 U.S.C. § 605(e)(3)(B)(iii). Although this statute provides that the court *shall* award attorneys' fees, the determination of the fee amount is left to the court's discretion.

 DIRECTV submitted an affidavit from its attorney Suzanne Alldredge Fleming, accompanied by time records, indicating that DIRECTV has incurred attorneys' fees and costs of $7,578.04 in litigating this action (Doc. #23, Fleming Aff.). This amount, however, differs markedly from the $850.00 award against Trawick that DIRECTV requested in its Complaint and motion for default judgment. DIRECTV makes no attempt to explain the discrepancy. It would be inequitable at this point to award DIRECTV attorneys' fees in an amount greater than the award it actually sought in its motion and in its Complaint. Therefore, the court will award the original amount of $850.00 as requested against Trawick for attorneys' fees and costs incurred in this action.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that the motion for default judgment (Doc. #17) is GRANTED.

An appropriate judgment will be entered in accordance with this Memorandum Opinion and Order.

### *FINAL JUDGMENT*

In accordance with the prior proceedings, opinions, and orders of the court, it is the ORDER, JUDGMENT, and DECREE of the Court that:

1. Judgment by default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is hereby entered in favor of the Plaintiff and against the Defendant on Count One of the Complaint.

2. The Plaintiff shall have and recover the sum of $1,000.00 in statutory damages from the Defendant for violation of 47 U.S.C. § 605(a) of the Cable Communications Act.

3. The Plaintiff shall have and recover the sum of $850.00 in attorneys' fees and costs from the Defendant.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.