**Melissa LOOS, Plaintiff,**

v.

**CLUB PARIS, LLC and Fred Khalilian, Defendants.**

**Case No. 6:08–cv–534–Orl–35GJK.**

United States District Court, M.D. Florida, Orlando Division.

Feb. 5, 2010.

Order Granting Reconsideration Feb. 16, 2010.

Travis R. Hollifield, Winter Park, FL, for Plaintiff.

Fred Khalilian, Miami, FL, pro se.

## ORDER

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court on consideration of Plaintiff's Motion for Entry of Final Default Judgment against Defendants Club Paris, LLC and Fred Khalilian. (Dkt. 48) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Entry of Final Default Judgment (Dkt. 48), as described herein.

## I. Summary

On April 9, 2008, Plaintiff filed her Complaint in this case, alleging gender discrimination pursuant to the Civil Rights Act of 1964 (Count I), retaliation in violation of 42 U.S.C. §§ 2000e, *et seq.* (Count II), negligent hiring, retention, and supervision (Count III), and civil battery (count IV) against Defendants Club Paris, LLC and Fred Khalilian ("Defendants"). (Dkt. 1) On June 25, 2008, Defendants, through counsel, filed an answer to Plaintiff's Complaint. (Dkt. 7) On December 11, 2008, the Court entered an Order allowing Defendants' counsel to withdraw as to Khalilian and directing Club Paris to retain substitute counsel. (Dkt. 24) On September 18, 2009, after Club Paris failed to comply with either of the Court Orders that it retain substitute counsel, the Court entered an Order striking the Answer as to Defendant Club Paris and directing the Clerk to enter default against Defendant Club Paris. (Dkt. 37) On September 21, 2009, the Clerk entered default against Club Paris. (Dkt. 38)

By Order dated October 8, 2009, the Court *sua sponte* notified the parties that they had failed to comply with Court's Case Management and Scheduling Order (Dkt. 11) by failing to timely file a Joint Pretrial Statement. (Dkt. 39) In the Order, the Court directed Plaintiff to file a Joint Pretrial Statement within fifteen days. (Dkt. 39) On October 12, 2009, Plaintiff filed a response to the Order and a Motion to Strike Pleadings and for Entry of Default against Defendant Khalilian. (Dkt. 41) In the Motion, Plaintiff alleged that Defendant Khalilian failed to appear for his properly noticed deposition and failed to participate in drafting a pretrial statement. (Dkt. 41) On December 8, 2009, the Court adopted the Magistrate Judge's Report and Recommendation (Dkt. 42), granted Plaintiff's Motion to Strike Pleadings and for Entry of Default Against Defendant Khalilian and directed the Clerk to enter default against Defendant Khalilian. (Dkt. 43) On December 9, 2009, the Clerk entered default against Defendant Khalilian. (Dkt. 46) The Court now addresses Plaintiff's Motion for Entry of Default Judgment against both Defendants and Request for Jury Trial on Damages.

## II. Facts

Based on the Complaint (Dkt. 1) and Plaintiff's Motion (Dkt. 48), the Court finds as follows:

1. This Court has jurisdiction over Plaintiff and Defendants Fred Khalilian and Club Paris, LLC and has subject matter jurisdiction over this action;

2. Defendant Khalilian was employed by Defendant Club Paris, LLC ("Club Paris") in a supervisory position as owner, general manager, and V.I.P. manager;

3. Plaintiff was employed by Defendant Club Paris as marketing/pr director beginning in January 2007;

4. During her tenure with Defendant Club Paris, Plaintiff was subjected to unwelcome sexual advances, sexual comments, and sexual innuendo from Defendant Khalilian;

5. On one occasion in March 2007, Defendant Khalilian demanded sexual intercourse from Plaintiff, requested that Plaintiff remove her clothing, touched Plaintiff's inner thigh without her consent, and grabbed Plaintiff's hand and forced it on his genitals. Plaintiff refused Defendant Khalilian's sexual advances on all occasions;

6. Approximately one day after Plaintiff's refusal to have sexual intercourse with Defendant Khalilian, Plaintiff was demoted to an office assistant position and received a reduction in her salary;

7. Plaintiff resigned in March 2007;

8. Defendant Club Paris' Answer was stricken after Defendant Club Paris' failed to comply with the Court's Case Management and Scheduling Order and Defendant failed to retain alternate counsel (Dkt. 37); and

9. Defendant Khalilian's Answer was stricken after Defendant Khalilian failed to comply with the Court's Case Management and Scheduling Order, failed to appear for his properly noticed deposition and failed to participate in drafting a pretrial statement. (Dkt. 43)

## III. LEGAL STANDARD AND ANALYSIS

■ "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. *DIRECTV, Inc. v. Trawick*, 359 F.Supp.2d 1204, 1206 (M.D.Ala.2005). To enter a judgment, there must be sufficient basis in the pleadings to support the relief sought. *Id.* "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

### A. Count I–Sex discrimination

■ While Title VII's statutory language prohibiting discrimination because of "sex" does not explicitly reference sexu-al harassment, both the Equal Employment Opportunity Commission ("EEOC"), the federal agency entrusted with enforcement of Title VII, and the United States Supreme Court have concluded that sexual harassment is covered under the Act. 29 C.F.R. § 1604.11(a); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). Sexual harassment constituting a form of sex discrimination under Title VII is well settled law in the Eleventh Circuit. *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 582 (11th Cir.2000). One common form of supervisor harassment, *quid pro quo* sexual harassment, entails unwelcome sexual advances, requests for sexual favors, and the like, linked to an economic advantage or injury if the request is refused. Supreme Court precedent imposes automatic vicarious liability for employers in supervisor cases where a tangible employment action is taken against the harassed employee. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 802–03, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Accordingly, where some tangible employment action has been taken as a result of the employee's refusal to submit to a supervisor's sexual demands, that action constitutes a change in the terms and conditions of employment actionable under Title VII. *Ellerth*, 524 U.S. at 761, 118 S.Ct. 2257.

■ Here, Plaintiff's allegations are sufficient to meet the elements of a claim for *quid pro quo* sexual harassment under Title VII. Plaintiff alleges that her supervisor, Defendant Khalilian, made numerous unwanted sexual advances, including requests for sexual intercourse, forcible placement of his hand on Plaintiff's inner thigh, and placement of Plaintiff's hand on

his genitals. (Dkt. 1 at ¶¶ 12–16) Additionally, Plaintiff alleges she was demoted to an office assistant position and that her salary was reduced after her refusal to have sexual intercourse with Defendant Khalilian, satisfying the adverse tangible employment action element. (*See id.* at ¶ 17) As the owner of Club Paris, Defendant Khalilian had the authority to hire, fire, demote, promote, or transfer employees. (*Id.* at ¶ 11) Because Plaintiff has established all the elements of a prima facie case, Plaintiff's motion for entry of default judgment as to Count I is **GRANTED.**

### B. Count II–Retaliation

■ Title VII prohibits retaliation by an employer where an individual has engaged in protected activity, making it unlawful for an employer:

> [T]o discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a). Specifically, the elements for a prima facie retaliation claim include: "(1) opposition to discrimination or participation in covered proceedings; (2)[an] adverse [employment] action; [and] (3) causal connection between the protected activity and the adverse action." EEOC COMPLIANCE MANUAL at § 8–11 (2009); *Coutu v. Martin County Bd. of County Comm'rs,* 47 F.3d 1068, 1074 (11th Cir.1995). Once a plaintiff establishes prima facie case, the burden of production is on the defendant employer to proffer a legitimate, non-retaliatory reason for the adverse employment action. *Corbitt v.*

*Home Depot U.S.A., Inc.,* 589 F.3d 1136, 1156 (11th Cir.2009).

■ Here, Plaintiff has not alleged any facts indicating participation in a protected activity such as testifying, assisting, or participating in any investigation, proceeding, or Title VII litigation for which she endured an adverse employment action. (*See* Dkt. 1 at ¶¶ 33–37). Without more, the conclusory allegation of gender discrimination and retaliatory action "because of her opposition to Club Paris' unlawful employment practices" is insufficient for a prima facie case. *See Coutu,* 47 F.3d at 1074–75. Accordingly, Plaintiff's motion for default judgment as to Count II is **DENIED.**

### C. Count III–Negligent Hiring, Retention, and Supervision

■ To make out a prima facie case for negligent hiring, a plaintiff must establish:

> (1)[T]he employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.

*Malicki v. Doe,* 814 So.2d 347, 362 (Fla. 2002). A negligent hiring claim focuses on the employer's pre-employment investigation of an employee's background while a claim for negligent supervision or retention focuses on an employer's failure to take post-employment action where the employer knows an employee is unfit. *Id.* In order to recover, the plaintiff must show that the employer knew or should

have reasonably known via the exercise of ordinary care that its employee's conduct posed an unreasonable risk of harm to third parties. *See generally Williams v. Davis,* 974 So.2d 1052, 1057 (Fla.2007). Additionally, a claim for negligent supervision and retention "must be based on an injury resulting from a tort which is recognized under common law." *Scelta v. Delicatessen Support Srvs., Inc.,* 57 F.Supp.2d 1327, 1348 (M.D.Fla.1999). Sexual harassment is not recognized as independent common law tort under Florida law. *See id.*

▉▉▉▉ Here, Plaintiff's Complaint does not allege sufficient facts for a claim of negligent hiring—Plaintiff alleges no facts regarding whether Defendant Club Paris conducted or failed to conduct a pre-employment investigation of Defendant Club Paris employees or that any such investigation would have revealed facts leading it to believe that its employee was a risk of danger to its employees in the manner manifested in this case. Turning to Plaintiff's claim for negligent supervision, the key inquiry is whether Defendant Club Paris had reason to know of the alleged tortious conduct of its supervisors and did nothing to prevent reasonably foreseeable harm from being inflicted on Plaintiff. Here, Plaintiff's only actionable claim under Florida tort law is Defendant Khalilian's alleged battery (Count IV). Taking the allegations in Plaintiff's Complaint as true, Plaintiff alleges sufficient facts to support a finding that Club Paris knew or should have known about Defendant's propensity to batter others. (*See* Dkt. 1 at ¶¶ 42–49) The Court finds that Defendant Club Paris failed to properly monitor the conduct of its supervisors and managerial staff, including protecting Plaintiff from the sexually harassing conduct of Defendant Khalilian, Club Paris'

owner, general manager, and V.I.P. manager. As in this case, where the principal functions as the sole proprietor of the corporate entity, the corporate entity, as the employer, can be held liable for the conduct of the principal. Accordingly, Plaintiff's Motion for Default Judgment as to Count III is **GRANTED.**

### D. Count IV–Civil Battery

▉▉▉▉ Under Florida law, to recover for civil battery, a plaintiff must show that the tortfeasor made some form of harmful or offensive contact and that he intended to cause the contact. *Martinez v. Pavex Corp.,* 422 F.Supp.2d 1284, 1298 (M.D.Fla. 2006). Plaintiff's allegations of unwelcome touching and sexual advances set forth in the Complaint are sufficient to support a reasonable inference of the required intent and are sufficient to state a claim for battery against Defendant Khalilian. Accordingly, Plaintiff's Motion for Default Judgment as to Count IV is **GRANTED.**

### E. Damages

▉▉▉▉ A plaintiff in an action for *quid pro quo* sexual harassment may recover compensatory and punitive damages pursuant to the Civil Rights Act. 42 U.S.C. § 1981a(b). A compensatory damage award "for future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages" is limited to $50,000 for employers with 14–101 employees. 42 U.S.C. § 1981a(b)(3). To recover punitive damages, a plaintiff must show that the defendant employer engaged in a discriminatory practice with "malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Similarly, compen-

satory damages, including damages for emotional harm, may be awarded for civil battery. *Myers v. Cent. Fla. Invs., Inc.,* 592 F.3d 1201, (11th Cir.2010) (upholding plaintiff's recovery of $103,622.09 in compensatory damages from former employer arising from her state law battery claim).

■■■■ While a defaulted defendant admits well-pleaded allegations of liability, allegations regarding the amount of damages are not admitted by virtue of default. *Miller v. Paradise of Port Richey, Inc.,* 75 F.Supp.2d 1342, 1346 (M.D.Fla.1999). The Court determines the amount and character of damages and may hold a hearing for the purpose of assessing damages. *Id.* Default judgments entered under Florida law only admit to a plaintiff's entitlement to liquidated damages, those damages that can be determined with exactness from the cause of action as pleaded, such as a pleaded agreement between the parties, pleadings susceptible to an arithmetical calculation, or by application of definite rules of law. *U.S. Fire Ins. Co. v. C & C Beauty Sales, Inc.,* 674 So.2d 169, 171 (Fla. 3d DCA 1996) (citing *Bowman v. Kingsland Dev., Inc.,* 432 So.2d 660 (Fla. 5th DCA 1983)). When a plaintiff demands a jury trial, the defendant is entitled to a jury trial on unliquidated damages, regardless of whether default judgment has been entered against the defendant. *Curbelo v. Ullman,* 571 So.2d 443, 444 (Fla.1990) (*citing Loiselle v. Gladfelter,* 160 So.2d 740 (Fla. 3d DCA)). Moreover, a demand for a jury trial may not be withdrawn without the consent of the parties and any waiver of the right to a jury trial must be manifested by affirmative action such as "a specific waiver in writing or by announcement in open court." *Id.*

■■■■ Here, Plaintiff demanded a jury trial on damages in her Complaint. (Dkt. 1)

Subsequently, Plaintiff moved for default judgement against all Defendants requesting that damages be determined "by jury or at the non-defaulting party's election, by the Court at a hearing or otherwise." (Dkt. 48 at 7) Because Plaintiff is entitled to a finding of liability against Defendants Club Paris, LLC and Fred Khalilian on three her claims, Plaintiff is also entitled to economic damages. Plaintiff submits that her economic, liquidated damages resulting from the sexual harassment claim total $14,420.00. (Dkt. 48 at 9; Loos Aff. At ¶¶ 7–9, 19–20). Plaintiff also submits that a jury trial or court determination is necessary to determine the appropriate amount of unliquidated damages, namely, non-economic compensatory and punitive damages. (Dkt. 48 at 7). To the extent that Plaintiff's Motion for Default Judgment attempts withdraw the request for a jury trial on damages, the Court finds that Defendant is entitled to a jury trial on unliquidated damages. Accordingly, Judgment shall be entered in the amount of $14,420.00 against Defendant Club Paris, LLC and Plaintiff's request for a jury trial on unliquidated, non-economic compensatory and punitive damages is **GRANTED.**

### F. Attorney's Fees and Costs

■■■■ Title VII provides for a discretionary award of a reasonable attorney's fee to the prevailing party. 42 U.S.C. § 2000e–4(k). Plaintiff submits that she is the prevailing party due to Defendants' default and requests that the Court defer a determination as to fees and costs until after conclusion of the hearing on non-economic compensatory and punitive damages. (Dkt. 48 at 12–13). Plaintiff's request for a deferred award is **GRANTED.**

### IV. Conclusion

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motion for Entry of Default Judgement against Defendant

Club Paris, LLC (Dkt. 48) is **GRANTED** as to Count I and judgment is entered in favor of Plaintiff upon the Complaint herein;

(2) Plaintiff shall recover economic damages pursuant to 42 U.S.C. § 1981a(b) in the amount of $14,420.00;

(3) Plaintiff's Motion for Entry of Default Judgement (Dkt. 48) against Defendant Club Paris, LLC (Dkt. 48) is **DENIED** as to Count II;

(4) Plaintiff's Motion for Entry of Default Judgement against Defendant Club Paris, LLC (Dkt. 48) is **GRANTED** as to Count III and judgment is entered in favor of Plaintiff upon the Complaint herein;

(5) Plaintiff's Motion for Entry of Default Judgement (Dkt. 48) against Defendant Fred Khalilian is **GRANTED** as to Count IV and judgment is entered in favor of Plaintiff upon the Complaint herein;

(6) Plaintiff's request for a jury trial on non-economic compensatory and punitive damages is **GRANTED.**

(7) Plaintiff's request for deferred determination as to a reasonable attorney's fee is **GRANTED;** and

(8) The **CLERK** is directed to **ENTER JUDGMENT** consistent with this Order, and **TERMINATE** all pending motions.

### ORDER

**THIS MATTER** comes before the Court for consideration of Plaintiff's Motion for Reconsideration and/or Clarification (Dkt. 52) regarding the Court's Order Dated February 5, 2010 (Dkt. 50). In her Motion, Plaintiff requests clarification regarding when the jury trial on unliquidated non-economic compensatory and punitive damages will occur. (Dkt. 52 at 7) Plaintiff also requests reconsideration of the Court's denial of default judgment as to Count II. (*Id.*) The jury trial on unliquidated non-economic compensatory and punitive damages has been scheduled for the May 2010 trial term. (*See* Dkt. 53) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **GRANTS** the Motion (Dkt. 52), as described herein.

In the motion for reconsideration Plaintiff contends that the Court erred in denying liability as to Count II. The motion presents new legal arguments[1] regarding her Title VII retaliation claim that were not previously included in Plaintiff's Motion for Default Judgment. (*See* Dkts. 48, 52) Upon review, however, in light of Plaintiff's further explanation, the Court finds that Plaintiff's Complaint sufficiently pled a claim for retaliation based on Plaintiff's opposition to Defendant Khalilian's sexual advances and resulting demotion and reduction in pay. (*See* Dkt. 1 at ¶¶ 12–14, 17–18) Therefore, the Court hereby **GRANTS** Plaintiff's Motion for Reconsideration. (Dkt. 52) Judgment is **GRANTED** in favor of the Plaintiff on Count II of the complaint brought pursuant to Plaintiff's Motion for Default Judgment. (Dkt. 48) Any unliquidated non-economic compensatory and punitive damages resulting from Plaintiff's retaliation claim shall be determined at the May 2010 jury trial on damages.

---

**1.** Specifically Plaintiff cites the Supreme Court's recent decision in *Crawford v. Metro. Gov't of Nashville & Davidson County Tennessee,* —— U.S. ——, 129 S.Ct. 846, 850, 172 L.Ed.2d 650 (2009) (finding employee reporting of egregious conduct to employer sufficient opposition to state a viable claim for retaliation.).