United States Court of Appeals,

Fifth Circuit.

No. 92-2156

Summary Calendar.

Pamela J. LOWE and Janet L. Swanton, Plaintiffs-Appellees, Cross-Appellants,

v.

SOUTHMARK CORPORATION and Southmark Commercial Management, Inc., Defendants-Appellants, Cross-Appellees.

Aug. 25, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Plaintiffs, Pamela J. Lowe and Janet I. Swanton, filed this lawsuit on May 4, 1988, in federal district court against their employer, Southmark Corporation and Southmark Commercial Management, Inc. ("Southmark"). The facts surrounding the case are elaborate, and the procedural history intricate. Among other things, plaintiffs alleged that Southmark, a commercial real estate firm, violated provisions of the Equal Pay Act, 29 U.S.C. § 206(d), by paying its female leasing representatives lower wages and benefits than its male employees engaged in similar work. Additionally, plaintiffs amended their complaint to include a charge of retaliation to their filing of a complaint with the EEOC under both the Equal Pay Act and Title VII.

At the conclusion of a six day trial, the jury found, among other things, that Southmark willfully violated the equal pay provisions of the Equal Pay Act and that it had retaliated against Swanton and Lowe. The jury awarded Swanton $175,000 and Lowe $150,000 in back pay and retaliation damages. The court subsequently entered a judgment awarding an additional $63,600 in liquidated damages to each plaintiff's recovery. Southmark appeals this judgment and raises three points of error.

I.

After the court entered judgment for plaintiffs, Southmark filed a motion for judgment

notwithstanding the verdict ("j.n.o.v.") which was denied. Southmark argues that the jury's verdict on the equal pay claim was not supported by the evidence, and thus the district court's denial of its j.n.o.v. motion constitutes reversible error.

This Court's standard for reviewing a district court's denial of a motion for directed verdict and for j.n.o.v. has been well-settled since it was announced by the Court in *Boeing v. Shipman,* 411 F.2d 365 (5th Cir.1969) (en banc). Under this standard, a j.n.o.v. motion should be reviewed only if there is a "complete absence of probative facts to support a jury verdict." *Id.* at 375 (emphasis added). This standard has evolved because "it is the function of the jury as the traditional finder of fact, and not the Court, to weigh conflicting evidence and inferences ...." *Id.; see also Boyle v. Pool Offshore Co.,* 893 F.2d 713, 715-17 (5th Cir.1990); *Guthrie v. J.C. Penney Co.,* 803 F.2d 202, 207 (5th Cir.1986) (applying the same standard of review to employment discrimination cases). As such, this Court avoids second-guessing conflicts in the evidence.

Under such a strict standard, we cannot say that there are no probative facts to support the jury's verdict that Southmark violated the Equal Pay Act in its treatment of plaintiffs Lowe and Swanton. The jury found that Southmark "willfully" paid plaintiffs lower wages than males having the same or similar work responsibilities. The record supports such a finding. Plaintiffs offered substantial evidence which could reasonably lead a jury to conclude that the pay discrepancies between plaintiffs and similarly situated males violated section 206(d) of the Equal Pay Act. Thus, it was not error for the district court to deny Southmark's motion.

## II.

Southmark's second point of error asserts that the district court's jury instruction on the Equal Pay Act was improper and misleading. Because Southmark failed to object to the court's instruction, it has failed to preserve the error, if any, for appellate review. Fed.R.Civ.P. 51.

## III.

In its third and final point of error, Southmark contends that the jury's calculation of damages was incorrect.

It is necessary that a jury's calculation of back pay be reasonable and supported by evidence

presented in the record. It is not, however, necessary that the amount be exact or certain. *See Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211, 260 (5th Cir.1974), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1976) ("Unrealistic exactitude is not required."). Another principle we must consider when reviewing a trial court's measure of damages was set forth in *Pettway.* That is, all uncertainties should be resolved against the discriminating employer. *Id.* at 260-61.

In the present case, the jury awarded Swanton and Lowe $150,000 and $125,000, respectively, in back pay damages. The factors used to compute the amount of back pay were proper, and sufficient evidence exists in the record to support the amount of back pay.[1]

Southmark's other assertion—that plaintiffs' award is improper because recovery is under both the Equal Pay Act and Title VII—is also without merit. The district court's judgment reflects that plaintiffs recovered damages under the Equal Pay Act alone and not Title VII. Consequently, the court did not allow plaintiffs to double dip.

IV.

The final issue to consider is the trial court's award of liquidated damages. On cross-appeal, plaintiffs assert that the district court erred by not awarding an amount of liquidated damages equal to the jury verdict in accordance with section 216(b) of the Equal Pay Act. This assertion has merit.

The jury found that Southmark violated section 206(d)(1) of the Equal Pay Act, which forbids the pay discrepancies based on sex, and section 215(a)(3), which forbids the retaliation. Civil liability for violations of these sections is provided by section 216(b). For the purposes of liability under section 216(b), the difference in pay based on sex is deemed to be "unpaid minimum wages or unpaid overtime compensation." 29 U.S.C. § 206(d)(3). The relevant portion of section 216(b) reads:

> Any employer who violates the provisions of section 206 ... shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) ... shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) ...

---

[1]Although we realize that the specific amounts found by the jury for back pay and retaliation damages do not match the amounts testified to by plaintiffs' experts, the total of these amounts comports with plaintiffs' evidence.

including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

*Id.* § 216(b). The granting of liquidated damages is mandatory under section 216(b) except where the employer shows to the satisfaction of the court that its act or omission was in "good faith" and was based upon reasonable grounds for believing that it was not violating the Act. *Id.* § 260; *Reeves v. International Tel. & Tel. Corp.,* 616 F.2d 1342, 1352 (5th Cir.1980), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800 (1981); *see also Mireles v. Frio Foods, Inc.,* 899 F.2d 1407, 1415 (5th Cir.1990). Only if the employer is able to make the showing required in section 260 does the district court have discretion to award an amount of liquidated damages less than the amount awarded in back pay and retaliation damages.

In this case, there was no finding that Southmark violated the Equal Pay Act in good faith and had reasonable grounds for believing that its conduct was not in violation of the Act.[2] Consequently, liquidated damages were mandatory and the court had no discretion to award an amount less than the amount awarded as back pay and retaliation damages. Since the court awarded each plaintiff only $63,600 in liquidated damages, the court erred.[3]

Accordingly, we MODIFY the judgment to award Pamela J. Lowe liquidated damages in the amount of $150,000 and Janet I. Swanton liquidated damages in the amount of $175,000. In all other respects, we AFFIRM the district court's judgment.

---

[2]The district court apparently submitted the question of Southmark's good faith and reasonable belief to the jury by inquiring as to whether Southmark's violation of the Equal Pay Act was "willful." By doing so, the district court erroneously applied a test of willfulness rather than the specific standards clearly provided under section 260. *LeCompte v. Chrysler Credit Corp.,* 780 F.2d 1260, 1263 (5th Cir.1986). This error, however, is not raised on appeal. We further note that neither party objected to or predicates error upon the court's submission of this issue to the jury.

[3]According to the district court, this amount represented "the differential in base pay [between plaintiffs and similarly situated male leasing representatives] from October 1, 1986 to August 1, 1990."