# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 98-4007

BOBBY L. BRASWELL, et al.,

      Appellants,

      v.

CITY OF EL DORADO ,
ARKANSAS,

      Appellee.

\*
\*
\*
\*
\*    Appeal from the
\*    United States District Court
\*    for the Western District
\*    of Arkansas
\*
\*

Submitted : June 15, 1999
Filed:      August 11, 1999

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
    PANNER[1], District Judge

PANNER, District Judge.

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

(FLSA), in which plaintiffs, twenty-five members of the fire department of

---

[1]The Honorable Owen M. Panner, United States District Judge for the District
of Oregon, sitting by designation.

1

defendant City of El Dorado, alleged that defendant failed to pay plaintiffs overtime wages and retaliated against plaintiffs for their pursuit of their FLSA rights. Plaintiffs prevailed at trial but appeal the district court's award of partial liquidated damages on the overtime claim and its failure to award liquidated damages on the retaliation claim. We affirm the award on the retaliation claim but reverse and remand the award on the overtime claim.

BACKGROUND

The district court ruled on summary judgment that defendant violated the FLSA's overtime provisions. The retaliation claim and the damages portion of the overtime claim were then set for a jury trial. Approximately seven weeks before trial, defendant paid plaintiffs $55,717.72, an amount, according to defendant, representing $45,534.26 in back wages and $10,183.46 in prejudgment interest. Because plaintiffs disputed defendant's calculations, the issue proceeded to trial.

At trial, the parties presented different damages estimates on the overtime claim. Defendant argued that the amount already paid to plaintiffs was the correct figure. Plaintiffs presented a damages estimate of $58,755.20, an amount $3,037.48 greater than defendant's total payment.

The district court instructed the jury to calculate the back wages owed on the overtime claim. The verdict form instructed the jury to subtract the $55,717.72

2

already paid by defendant from the back wages owed. The jury, after subtracting what defendant had already paid, awarded plaintiffs $3,037.46. Additionally, the jury sustained plaintiffs' retaliation claim in which plaintiffs asserted that defendant failed to grant plaintiffs a five-percent raise which had been given to other city employees, and awarded plaintiffs $65,199.30 in damages.

Following trial, the district court awarded plaintiffs $3,037.46 in liquidated damages on the overtime claim pursuant to 29 U.S.C. § 216(b). The court did not award liquidated damages on the full amount of back wages the jury determined was owing to plaintiffs. Rather, the district court awarded liquidated damages only on the "net" amount of damages owing to plaintiffs after subtracting what defendant had already paid.

Plaintiffs sought reconsideration of the district court's order and argued that the court also erred by failing to grant liquidated damages on the retaliation claim. The court denied the motion for reconsideration on the overtime claim. It also determined that it had discretion to award liquidated damages on the retaliation claim and then refused to award such damages. The district court did grant plaintiffs' request for injunctive relief on the retaliation claim and ordered defendant to implement a five-percent wage increase retroactive to the date of the verdict.

DISCUSSION

I. Overtime Claim

A. Statutory Scheme and Standard of Review

Any employer who violates the overtime provisions of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid . . . overtime compensation . . ., and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). An award of liquidated damages is "intended in part to compensate employees for the delay in payment of wages owed under the FLSA[.]" Hultgren v. County of Lancaster, 913 F.2d 498, 508-09 (8th Cir. 1990).

An award of liquidated damages under section 216(b) is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA. Id. at 509; see also Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987) ("the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith. In other words, liquidated damages are mandatory absent a showing of good faith.").

In the instant case, the district court determined that defendant had failed to show that it acted reasonably and in good faith. Accordingly, an award of liquidated

4

damages was mandatory. The issue we are asked to review is whether the district court's liquidated damages award of $3,037.46 comports with the statute's requirement that the award equal the amount of unpaid compensation. 29 U.S.C. § 216(b). This is, essentially, a question of statutory interpretation subject to de novo review. See Thompson v. United States, 989 F.2d 269, 270 (8th Cir. 1993) (questions of statutory interpretation reviewed de novo).

B. Full Amount of Back Wages as Liquidated Damages

Plaintiffs argue that the district court erred when it failed to award $58,755.18 in liquidated damages. Defendant agrees that the $3,037.46 award was in error. We conclude that based on the plain language of section 216(b), the district court erred by awarding only $3,037.46 in liquidated damages.

Defendant, while conceding that the $3,037.46 amount was erroneous, contends that the $10,183.46 it paid as prejudgment interest should not be awarded as liquidated damages. We reject defendant's argument.

Clearly, plaintiffs are not entitled to both liquidated damages and prejudgment interest. See, e.g., Gibson v. Mohawk Rubber Co., 695 F.2d 1093, 1101 (8th Cir. 1982) ("It is settled that the FLSA does not permit successful plaintiffs to obtain prejudgment interest in addition to liquidated damages because that would enable them to obtain double recovery."). Here, however, by awarding $3,037.46 above

5

what defendant had already paid, it is obvious that the jury's total back pay award was $58,755.18. The jury endorsed plaintiffs' damages calculations and rejected those offered by defendant. So rejected, defendant's unilateral determination that $10,183.46 of its pre-trial payment to plaintiff represented prejudgment interest is meaningless.

The district court's award of $3,037.46 in liquidated damages on the overtime claim is reversed. The district court is instructed to award $58,755.18 in liquidated damages to plaintiffs.

II. Retaliation Claim

Plaintiffs maintain that the district court erred in determining that it had discretion to make a liquidated damages award on the retaliation claim. Alternatively, plaintiffs argue that even if the district court had such discretion, the district court abused its discretion in failing to award liquidated damages in an amount equal to the damages awarded by the jury on this claim. As explained below, we conclude that the district court properly determined that it had discretion to award liquidated damages on the retaliation claim and that it properly exercised its discretion.

A.  Discretion to Award Liquidated Damages

The district court's determination that it had discretion to award liquidated damages is a question of statutory interpretation subject to de novo review. Thompson, 989 F.2d at 270.

Liquidated damages in FLSA cases are governed by 29 U.S.C. § 216(b) which provides, in pertinent part:

> Any employer who violates the [minimum wage or overtime provisions] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the [retaliation provisions] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of the [retaliation provisions] including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

We have not previously determined whether the language of section 216(b) regarding retaliation claims gives the district court discretion to award liquidated damages or whether such an award is mandatory.  In statutory interpretation questions, we start with the plain language of the statute.  See, e.g., In re Hen House Interstate, Inc., 177 F.3d 719, 722 (8th Cir. 1999) (the proper construction of any

7

statute begins with the language of the statute itself); Citicasters v. McCaskill, 89 F.3d 1350, 1354 (8th Cir. 1996) (it is a fundamental canon of statutory interpretation that the court begins with the language of the statute).

As noted earlier in regard to the overtime claim, the first sentence of 216(b), by containing the words "shall" and "and," provides for mandatory liquidated damages in an amount equal to the unpaid wages owing. 29 U.S.C. § 216(b). Although section 260 modifies section 216(b) to allow discretion upon proof that the employer acted reasonably and in good faith, the plain language of section 216(b) establishes a mandatory liquidated damages award for overtime and minimum wage claims absent such proof.

In contrast, the second sentence of section 216(b) which applies to retaliation claims, modifies the mandatory language used for overtime and minimum wage claims. In the second sentence, Congress still used the word "shall" but then added "as may be appropriate to effectuate the purposes of [the provision prohibiting retaliation]." These additional words give discretion to the district court to choose among the listed remedies or others the court deems appropriate in the particular case.

In the only other circuit case we have found to fully discuss this issue, the Sixth Circuit reached the same conclusion. There, the court noted that "[t]he

8

standard for requiring the payment of liquidated damages in the event of a violation of [the prohibition against retaliation] is <u>fundamentally different</u> from that governing a violation of [the overtime and minimum wage provisions]. <u>Blanton v. City of Murfreesboro</u>, 856 F.2d 731, 737 (6th Cir. 1988) (emphasis added). The court expressly recognized the distinguishing "as may be appropriate" language in the section governing retaliation claims. <u>Id.</u>; <u>see</u> <u>also</u> <u>Professional Firefighters Ass'n of Clayton v. City of Clayton</u>, 759 F. Supp. 1408, 1413-14 (E.D. Miss. 1991) (following <u>Blanton</u>). Additionally, in a Northern District of Texas case, the court held that

> the plain language of [the first sentence of section 216(b)] makes it clear that liquidated damages are mandatory only for violation of [the overtime and minimum wage provisions] of the FLSA. The "as may be appropriate" portion of [section 216(b)] clearly means that liquidated damages are not mandatory for [retaliation] violations.

<u>York v. City of Wichita Falls</u>, 763 F. Supp. 876, 880 (N.D. Tex. 1990).

Plaintiffs attempt to distinguish these cases by noting that all of them arose under Section 8 of the 1985 amendments to the FLSA. The amendments were adopted to ease the burden on state and local governments after the Supreme Court ruled that the FLSA applied to state and municipal employees. <u>Blanton</u>, 856 F.2d at 732 (citing <u>Garcia v. San Antonio Metro. Transit Auth.</u>, 469 U.S. 528 (1985)). Section 8 of the amendments created a specific cause of action for governmental

9

discrimination against employees newly entitled to the FLSA's financial benefits.  Id.

Plaintiffs' argument is unavailing because plaintiffs simply note a distinction without a difference.  Section 8 gave public employees a specific "retaliation" cause of action.  Once a violation of section 215(a)(3) (the retaliation provision) is stated, either through Section 8 or through a more straightforward retaliation claim, then section 216(b) remedies are available.  The type of section 215 claim is irrelevant to whether section 216(b)'s liquidated damages provision for section 215 claims is mandatory or discretionary.

Additionally, we are unpersuaded by the Fifth Circuit's discussion in a 1993 case.  There, the court noted that the liquidated damages provision of section 216(b) was discretionary for both wage and retaliation claims only if the employer made the reasonableness and good faith showing of section 260.  Lowe v. Southmark Corp., 998 F.2d 335, 337 (5th Cir. 1993).  The court, however, made no mention of the "as may be appropriate" phrase, words which we conclude are not superfluous and were intended to establish a separate, and discretionary, standard for awards of liquidated damages in retaliation claims.  Such discretion and flexibility is particularly appropriate in retaliation claims which, because of the many ways in which retaliation may be executed against an employee, require a variety of legal and equitable remedies to serve the purposes of the FLSA.

B.    Liquidated Damages on the Retaliation Claim

The district court refused to award plaintiffs liquidated damages on the retaliation claim because plaintiffs failed to show how such an award would effectuate the purposes of section 215(a)(3). Plaintiffs assert that the district court abused its discretion. We disagree.

Plaintiffs argue that the jury's finding of retaliation is sufficient to justify an award of liquidated damages. Plaintiff's argument is tantamount to a conclusion that liquidated damages are mandatory in retaliation claims, an argument we rejected above. Plaintiffs offer no additional reasons for a liquidated damages award in this case. We affirm the district court.

## CONCLUSION

We reverse the district court's liquidated damages award on the overtime claim. We affirm the district court's determination on the request for liquidated damages on the retaliation claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

11