[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 11-15227

————————————————

D.C. Docket No. 6:09-cv-00224-GJK

LEONARD MOORE,
JASON EVERS,
CHRISTOPHER LUNGRIN,

Plaintiffs - Cross
Appellants - Appellees,

versus

APPLIANCE DIRECT, INC.,
a Florida corporation,

Defendant - Cross
Appellee,

SEI PAK,
individually,

Defendant - Cross
Appellee - Appellant.

————————————————

Appeals from the United States District Court
for the Middle District of Florida

————————————————

(February 13, 2013)

Before JORDAN and ANDERSON, Circuit Judges and ALBRITTON,[*] District Judge.

ALBRITTON, District Judge:

This is a suit for damages for retaliation under Chapter 8 of Title 29, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201–219 ("FLSA").  The case presents cross-appeals.   Defendant Sei Pak ("Pak") appeals the district court's entry of judgment against him individually and its denial of his renewed motions for judgment as a matter of law and remittitur.  Plaintiffs Leonard Moore, Jason Evers, and Christopher Lungrin ("Plaintiffs") appealed the court's denial of their motion to add an award of liquidated damages so as to double the jury's award of economic damages.  For the reasons set forth below, we affirm both the district court's entry of judgment against Pak and its denial of Plaintiffs' motion for liquidated damages.

## I.  BACKGROUND

Prior to the filing of this action, on March 4, 2008, Plaintiffs filed a complaint alleging violations of the section 207 overtime provisions of the FLSA against their employer, Appliance Direct, Inc., and Pak, the Chief Executive

---

*Honorable W. Harold Albritton, United States District Judge for the Middle District of Alabama, sitting by designation.

Officer of Appliance Direct ("the overtime lawsuit").  Appliance Direct sells home appliances to customers, and the Plaintiffs were employed as delivery truck drivers.  During the pendency of the overtime lawsuit, Appliance Direct began changing the employment status of its drivers from employees to independent contractors.  Although other drivers formerly employed by Appliance Direct received offers to become independent contractors, the Plaintiffs did not, and their employment as truckdriver/employees was terminated as their jobs were outsourced.

The Plaintiffs then filed this separate suit, a one-count complaint alleging that Appliance Direct and Pak retaliated against them for filing the overtime lawsuit, in violation of section 215(a)(3) of the FLSA, by not giving them an opportunity to enter into independent subcontracts for delivery services and by interfering with the Plaintiffs' ability to be hired by other subcontractors of delivery services for Appliance Direct.  They alleged that other truckdriver/employees who had not joined in the overtime suit were given that opportunity.  While this suit was pending trial, the overtime lawsuit was settled, and we held in a previous appeal that the earlier overtime lawsuit did not bar this retaliation suit on the basis of *res judicata*.  *Moore, et al. v. Pak*, No. 10-12788, 402 Fed. App'x 491 (11th Cir. 2010).

3

This retaliation case was stayed as to Appliance Direct after it filed for bankruptcy, and it proceeded to a jury trial against Pak alone. At the conclusion of Plaintiffs' case-in-chief, Pak moved for judgment as a matter of law, arguing that the Plaintiffs did not present sufficient evidence that Pak is an "employer" under the FLSA and that they did not present sufficient evidence as to their damages. This was denied. Pak renewed his motion after presenting his case, with the additional ground that the Plaintiffs had not presented sufficient evidence of causation between their protected activity and the adverse employment action. The district court denied the renewed motion, and the jury returned a verdict for the Plaintiffs with an economic damages award of $30,000 each.

After the trial, Pak filed two renewed motions for judgment as a matter of law and for remittitur or a new trial. In the motions he again argued that the Plaintiffs did not sufficiently prove their damages, that Pak had not been proved to be an employer, and that there was a lack of causation. Pak also argued that the court should reduce the Plaintiffs' amount of damages to zero or order a new trial because the Plaintiffs did not prove their claim for lost profits. The district court found that there was sufficient evidence at trial on the issues raised by Pak and denied his motions. Pak filed this appeal claiming that: (1) he is not an employer

4

under the FLSA, and (2) the Plaintiffs did not sufficiently prove their damages.[1]

The Plaintiffs filed a post-trial motion seeking an additur of liquidated damages to the jury's damages awards.  The district court denied the motion, and the Plaintiffs cross-appealed on the issue of whether the district court was required to add liquidated damages to the judgment because Pak did not show that he was acting in reasonable good faith.

## II.  STANDARD OF REVIEW

We review the denial of a motion for judgment as a matter of law *de novo*. *Wood v. Green*, 323 F.3d 1309, 1312 (11th Cir. 2003).  The court considers the evidence and the inferences drawn from it in a light most favorable to the nonmoving party.  *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1275 (11th Cir. 2008).

We review the denial of a motion for remittitur or new trial under an abuse of discretion standard.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 435 (1996).  Questions of statutory interpretation are reviewed *de novo*.  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).

---

[1] Pak also argues on appeal that the Plaintiffs' claims lack causation because the alleged retaliatory act occurred before the protected activity.  This argument is unavailing.  The Plaintiffs agree that Pak decided to make drivers independent contractors before the Plaintiffs filed their overtime lawsuit.  However, evidence at trial was sufficient for the jury to find that Pak would not allow Plaintiffs the opportunity to receive independent subcontracts because they had previously filed their suit. There is sufficient evidence of causation.

### III.  DISCUSSION

A.    Definition of "Employer" under FLSA

Pak first challenges the district court's entry of judgment and denial of his motions based on a finding that he is individually liable as an employer under the FLSA.  The FLSA defines an employer as including "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  A corporate officer is personally liable as an FLSA employer if he has "operational control of a corporation's covered enterprise," which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue.  *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986).

Pak was the CEO and 75% owner of Appliance Direct, but that is only one factor to consider in determining whether he could be held liable as an employer under the FLSA.  Considering the totality of the circumstances, the evidence at trial was sufficient to show that Pak was an employer of the Plaintiffs.  Pak's involvement in Appliance Direct included more than a majority ownership interest and office of CEO.  At trial there was evidence showing him to have guided company policy and to have given instructions to managers regarding job duties; that he was the ultimate decision maker at the company; that he negotiated leases and vendor contracts; and significantly, that he directed that the Plaintiffs not be

6

given subcontracts for delivery services, among other involvements. In short, reasonable jurors could differ as to whether Pak was an employer under the requirements of the FLSA, but considering the evidence in the light most favorable to the Plaintiffs, the district court properly denied his motions for judgment as a matter of law.

B.    Plaintiffs' Proof of Damages

Pak also appeals the district court's denial of his multiple motions on the basis that the Plaintiffs failed to prove their damages at trial. To prove their damages, the Plaintiffs relied in part on the testimony of Jeff Caneva, whose company had a delivery contract with Appliance Direct after Pak decided to outsource the delivery driver positions. Caneva testified that he was not allowed by Pak to hire anyone involved in overtime lawsuits for a position—in particular, the Plaintiffs. The Plaintiffs argued that Pak's decision to forbid independent contractors from hiring the Plaintiffs denied them an economic opportunity. The jury agreed and awarded each Plaintiff $30,000 in economic damages, using as a guide Caneva's pay rate to his employees multiplied by the number of weeks the Plaintiffs were out of work.

Pak contends that Plaintiffs did not sufficiently prove compensatory damages because Caneva testified that he only had three positions available for

7

delivery drivers and did not testify as to when the Plaintiffs would have been hired and how much he would have paid them. Due to this lack of certainty, Pak argues that it was error for the jury to speculate as to what the Plaintiffs' damages were, because the Plaintiffs may not "throw [themselves] on the generosity of the jury." *Taliferro v. Augle*, 757 F.2d 157, 162 (7th Cir. 1985).

The Plaintiffs' situation is unusual: their damages are similar to those that employees would receive in a case where there was a reduction-in-force and the employees were discriminated against during the rehiring process. However, here, the rehiring was done by Caneva, a third-party independent contractor, who according to Pak had filled his three available positions before the Plaintiffs sought employment with him.

Ultimately, though, Pak's arguments surrounding the particular circumstances of Caneva's company are without force. Regardless of whether the Plaintiffs would have secured employment with Caneva, evidence of Caneva's delivery operation serves as proof of what the Plaintiffs would have been paid as independent contractors. We hold that this evidence was sufficient for a jury to award the Plaintiffs compensatory damages in the amount of $30,000 each, and the district court did not abuse its discretion in denying Pak's motions on this

ground.[2]

C.    Liquidated Damages

The final issue before us is whether the district court was required to award the Plaintiffs liquidated damages in addition to the economic damages awarded by the jury.  The Plaintiffs in their cross-appeal argue that the court did not have discretionary authority to deny their motion to alter the judgment by adding liquidated damages, and that the award of such damages was required by statute.

This presents our court with a question of first impression: Does the FLSA mandate the imposition of liquidated damages after a finding of liability for retaliation, unless excused by proof of reasonable good faith of the employer, the same as it does after a finding of liability for unpaid minimum wages and overtime, or are liquidated damages discretionary in a retaliation case?

The award of liquidated damages in FLSA cases is governed by 29 U.S.C. § 216(b), which states in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title [minimum wage or overtime provisions] shall be liable to the employee or employees

---

[2] Pak also appeals the court's denial of his renewed motion for remittitur, arguing that because Caneva stopped making deliveries for Appliance Direct before the entry of judgment, calculating the Plaintiffs' damages to the date of judgment gave the Plaintiffs a windfall. However, similar to the discussion above, evidence regarding Caneva should be viewed as evidence of what the Plaintiffs would have been paid as independent contractors, not necessarily employed with Caneva.

9

> affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title [retaliation provision] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

A separate statute, 29 U.S.C. § 260, included in Chapter 9 of Title 29, adopted in 1947, provides that

> In any action . . . to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended . . . if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

The Plaintiffs contend that 29 U.S.C. § 216(b) makes an award of liquidated damages mandatory in retaliation cases, just as in minimum wage and overtime cases, and it can be overcome only by proof of the reasonable good faith exception found in section 260. Since it is without dispute that Pak did not offer

10

proof to show good faith as allowed by section 260, they argue that the court had no discretion to deny the addition of a liquidated damages award in an equal amount as the economic loss award returned by the jury.

Four Circuits are cited by the parties for having considered whether liquidated damages in an FLSA retaliation case are discretionary or mandatory, with differing results. The Plaintiffs cite *Lowe v. Southmark Corp.*, 998 F.2d 335, 337–38 (5th Cir. 1993), as well as *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1223 (7th Cir. 1995), as having held in favor of mandatory liquidated damages.[3] Pak argues that the "as may be appropriate language" in section 216(b) renders the grant of liquidated damages in a retaliation case discretionary with the district court, an opinion supported by *Braswell v. City of El Dorado, Ark.*, 187 F.3d 954, 958 (8th Cir. 1999) and *Blanton v. City of Murfreesboro*, 856 F.2d 731 (6th Cir. 1988).

*Lowe* involved claims by two plaintiffs for violating their entitlement to equal pay under section 206(d), and protection from retaliation under section 215(a)(3), of the FLSA. The jury returned lump sum awards to the plaintiffs after

---

[3] The *Lowe* court cited the pre-September 30, 1981 case of *Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1352 (5th Cir. 1980). *See Lowe*, 998 F.2d at 337. While the Plaintiffs do not cite or argue that *Reeves* is binding, we find it appropriate to note that *Reeves* is not on point, as discussed below, and thus is not determinative. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting all Fifth Circuit cases prior to October 1, 1981).

11

finding the defendant liable on both of the claims.  The Fifth Circuit did not analyze the language of section 216(b), but simply quoted it, stated that "[t]he granting of liquidated damages is mandatory under section 216(b) except where the employer shows to the satisfaction of the court that its act or omission was in 'good faith' and was based upon reasonable grounds for believing that it was not violating the Act," and required the doubling of lump sum awards of back pay and retaliation damages, rather than unexplained lesser amounts of liquidated damages included in the judgment.  *Lowe*, 998 F.2d at 337.  It cited section 260 and two earlier Fifth Circuit cases: *Reeves v. Int'l Tel. and Tel. Corp.*, 616 F.2d 1342, 1352 (5th Cir. 1980) and *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990).

These cases, however, are not on point.  While *Reeves* involved findings of liability for failure to pay wages due under the FLSA and for retaliatory discharge, and liquidated damages were computed and awarded by doubling the amounts found to be due for minimum wages and overtime, and for back pay from the time of the plaintiffs' retaliatory termination, no issue was raised on appeal as to whether doubling the back pay awarded was mandatory.  The defendant merely contended on appeal that it should not have been charged with liquidated damages because it proved that it acted under a good faith belief that the plaintiff was an

12

exempt employee under the FLSA.  The court held, in response to the issue before it, that the proof at trial was insufficient to establish the reasonableness of such a belief, so that the good faith exception did not apply, and upheld the awarding of liquidated damages.  *Reeves*, 616 F.2d at 1352, 1353.  *Mireles* did not involve retaliation, but held that section 216(b) required a full doubling of the amount found to be due to multiple plaintiffs for time spent waiting for productive work, unless the section 260 exception was proved, and the district court had no discretion to award liquidated damages in a lesser amount.  In so holding, the court emphasized the word *shall* in the first sentence of section 216(b).  *Mireles*, 899 F.2d at 1414–15.  Neither case cited in *Lowe* discusses liquidated damages in the context of the retaliation provision in section 216(b) or whether it would be within the district court's discretion to deny them.  We do not find *Lowe* to be persuasive.

In *Avitia*, one of the two plaintiffs had both overtime and retaliation claims. The Seventh Circuit opinion assumed, without analysis, that liquidated damages were part of relief for retaliation claims unless excused by the good faith exception.  This was not an issue in the appeal.  *See Avitia*, 49 F.3d at 1223.

On the other hand, both *Braswell* and *Blanton*, the cases cited by Pak, dealt directly with whether liquidated damages are mandatory or discretionary in

13

retaliation cases, analyzed the statute, and emphasized the different language in the retaliation provision of section 216(b) as compared to the minimum wages and overtime provision.

The Eighth Circuit in *Braswell* acknowledged that liquidated damages were mandatory as to an overtime claim, but held that the language in the second sentence of section 216(b)—"as may be appropriate to effectuate the purposes of section 215(a)(3)"—gives discretion to the district court to choose the remedy that the court deems appropriate in the case, and that includes discretion to award liquidated damages. *Braswell*, 187 F.3d at 958.  Although both provisions in section 216(b) employ the words "shall" and "and" in listing appropriate remedies (including liquidated damages), the additional language in the retaliation provision modifies the mandatory language and creates a separate standard for retaliation claims.  The court stated that it was unpersuaded by the Fifth Circuit's discussion of section 216(b) in *Lowe*, where it noted that an award of liquidated damages was discretionary for both wage and retaliation claims only if the employer proved the exception allowed by section 260, saying that "[t]he court, however, made no mention of the 'as may be appropriate' phrase, words which we conclude are not superfluous and were intended to establish a separate, and discretionary, standard for awards of liquidated damages in retaliation claims."  *See Braswell*, 187 F.3d at

14

958–59.  Therefore, the court affirmed the district court's refusal to add liquidated damages on the retaliation claim, holding that whether to do so was discretionary and that the refusal was not an abuse of discretion.

The Sixth Circuit in *Blanton* similarly focused on the "as may be appropriate to effectuate the purposes of section 215(a)(3)" language and determined that a district court erred in awarding liquidated damages in a retaliation case when such an award would not "effectuate the purposes of [the retaliation provision]."  *Blanton*, 856 F.2d at 737.

The district court in this case, in its well-reasoned opinion, analyzed the findings of other courts on this issue, applied rules of statutory construction, followed *Braswell* and *Blanton* in applying a discretionary interpretation to section 216(b)'s retaliation provision, and found that the $30,000 awarded to each Plaintiff as economic damages was sufficient to effectuate the purposes of section 215(a)(3) and that no award of liquidated damages was necessary.

We begin with the plain language of the statute—29 U.S.C. § 216(b), Damages, and specifically its first two sentences.  *See Silva-Hernandez v. U.S. Bureau of Citizenship & Immigration Servs.*, 701 F.3d 356, 361 (11th Cir. 2012) ("As with any question of statutory interpretation, we begin by examining the text of the statute . . . .") (internal citation omitted).  The first sentence applies only to

15

damages for violations of sections 206 (minimum wage) and 207 (overtime), while the second sentence applies only to violations of section 215(a)(3) (retaliation).

The first sentence mandates that for violation of the provisions of either the minimum wage or overtime provisions of the FLSA the employer "*shall* be liable . . . in the amount of . . . unpaid minimum wages, or . . . unpaid overtime compensation . . . *and in an additional equal amount as liquidated damages*" (emphasis added).  There is no discretion or mention of retaliation.

The second sentence, on the other hand, provides that for retaliation against an employee for, *inter alia*, filing a suit for failure to pay minimum wage or overtime (section 215(a)(3)) an employer "*shall* be liable for such legal or equitable relief *as may be appropriate to effectuate the purposes of section 215(a)(3) of this title*, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages" (emphasis added).  This second sentence was added to section 216(b) in 1977.  Pub. L. No. 95-151, 91 Stat. 1245, 1252 (Nov. 1977).

This second sentence was added by amendment in 1977 to provide damages in private causes of action to enforce the anti-retaliation provisions of the FLSA, and clearly was for the purpose of allowing separate and more extensive relief to an employee in case of retaliation.  And, it is just as clear that the extent of that

16

separate relief is discretionary, requiring a finding that any such relief, even relief not mentioned in the non-exclusive examples, is appropriate to effectuate the purposes of the retaliation section of the law.  There is no more basis in the language of the second sentence for holding that liquidated damages are required to be awarded in a retaliation case, than there would be for requiring reinstatement, or promotion, or front pay.  Whatever is awarded must be appropriate to effectuate the purposes of the retaliation provision, and determining that requires the exercise of wide discretion.  *Cf. DIRECTV, Inc. v. Brown*, 371 F.3d 814, 816–18 (11th Cir. 2004) (use of the word "may" and the phrase "as may be appropriate" in the Wiretap Act, 18 U.S.C. § 2511(1)(a), made award of liquidated damages discretionary).

Plaintiffs' argument that section 260 (the reasonable good faith exception) makes the clear discretionary language of the second sentence of section 216(b) mandatory is unavailing.  Section 260 was already in existence at the time Congress added the second sentence.  Before that addition, section 216(b) contained no reference to retaliation, and section 260 provided the reasonable good faith exception only to then-available actions "to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages."  Thus, as the district court noted, at the time Congress drafted the second sentence with its "as

17

may be appropriate" language, it was aware of its existing mandatory liquidated damages requirement for minimum wage and overtime claims and the application of a reasonable good faith exception to that, and did not choose to do the same in regard to retaliation claims. The preexisting section 260 has no applicability to the later-added second sentence of section 216(b).

Plaintiffs also argue that holding the second sentence language to be discretionary would be irreconcilable with and would require the overturning of two of this court's earlier panel decisions in *Equal Employment Opportunity Comm'n v. White and Son Enters.*, 881 F.2d 1006 (11th Cir. 1989) and *Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928 (11th Cir. 2000). We reject this contention.

While *White and Son Enters.* affirmed the district court's award of additional liquidated damages for both back pay based on discrimination under section 206(d) and retaliation under section 215(a)(3) of the FLSA, no issue was discussed as to whether liquidated damages were mandatory or discretionary. *See White & Son Enters.*, 881 F.2d at 1012–13. They had been awarded as to both claims and the issue on appeal merely involved the correct method for computing them. This was quite different from the case *sub judice*, where the issue is presented to us directly, and we must decide it.

18

Likewise, the issue now before us was not presented in *Snapp*.  There, a jury found for the plaintiff on both an overtime claim and a retaliation claim and awarded $200 in overtime wages, $1,000 in wages lost because of a retaliatory discharge, and $35,000 in punitive damages on the retaliation claim.  The district court found that the defendant had not proved a section 260 good faith defense on either claim, and doubled as liquidated damages both the $200 overtime award and the $1,000 retaliation award, held that punitive damages were not available as damages for section 216(b) retaliation, and struck the $35,000 punitive damages award.  Judgment was entered for $2,400 and the plaintiff appealed the finding that punitive damages were not available.  The opinion in *Snapp* did not deal with whether liquidated damages were mandatory in retaliation cases and could be excused only through exercising discretion under section 260, but dealt solely with the availability of punitive damages.  In doing so, and in holding that punitive damages were not available because they were outside the compensatory nature of available damages under the second sentence of section 216(b), the court did note that "the kinds of relief that a district court may need to award to compensate the plaintiff fully will vary with the facts of each case," and that "district courts may have to exercise some creativity in awarding relief in retaliation cases."  *Snapp*, 208 F.3d at 937.

19

Far from being irreconcilable, these earlier cases point to the need for the court in this case to establish a clear answer to the question of whether in an FLSA retaliation case a district court in this circuit *must* award liquidated damages in the absence of proof of a reasonable good faith exception, or *may* do so in its discretion if that would "be appropriate to effectuate the purposes of" the retaliation section.

In reviewing the cases cited by Plaintiffs and Pak, the briefs and oral argument of counsel, and the clear language of the statute, we join the Sixth and Eighth Circuits in holding that the second sentence in section 216(b), which allows such damages "as may be appropriate to effectuate the purposes of [the retaliation provision]," creates a separate, discretionary, standard of damages for retaliation claims. We therefore hold that the retaliation provision of 29 U.S.C. § 216(b) gives the district court discretion to award, or not to award, liquidated damages, after determining whether doing so would be appropriate under the facts of the case. The district court made the determination in this case that it would not be appropriate, and in declining to award liquidated damages it did not abuse its discretion.

## IV.  CONCLUSION

For the foregoing reasons, the judgment of the district court is

AFFIRMED.