[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16260
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00029-GRJ

JOHN EDWARD PARKER,

Plaintiff-Appellant,

versus

WARDEN, et al.,

Defendants,

MIKE SINGLETARY,
C. JOHNSON,
Sergeant, MAYO Correction,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 19, 2013)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

John Parker, a prisoner proceeding pro se, appeals the adverse jury verdict in his 42 U.S.C. § 1983 action against Mike Singletary, an employee of the Mayo Correctional Institution, for violating his right to be free from cruel and unusual punishment by use of excessive force. The complaint alleged that Singletary sexually assaulted Parker, and when Parker pushed Singletary away, Singletary shoved Parker's head into a steel door. The only claim in the complaint that proceeded to trial was one based on the physical assault, and the jury returned a verdict in favor of Singletary. On appeal, Parker argues that: (1) the district court erred by failing to provide the jury with instructions on excessive force and by not allowing him to provide his own instructions; (2) the district court erred by admitting evidence of Parker's claim that Singletary sexually assaulted him, which was dismissed at summary judgment; and (3) the evidence admitted at trial did not support the verdict. After thorough review, we affirm.

We apply a "deferential standard of review . . . to the district court's jury instructions and special interrogatory verdict forms." Johnson v. Breeden, 280 F.3d 1308, 1314 (11th Cir. 2002). The district court is given wide discretion as long as the instructions and forms, considered as a whole, accurately portrayed the law, were sufficiently understood by the jury, and did not mislead the jury. Id. "We do not engage in word-by-word hairsplitting when reviewing the instructions. . . ." Id. However, "[a] party who fails to raise an objection to a verdict form

2

interrogatory or jury instruction prior to jury deliberations waives its right to raise the issue on appeal." Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999). The party must object before the jury retires, "stating distinctly the matter objected to and the grounds of the objection," or the party waives the right to appeal. Id. (quotation omitted). We have only recognized two exceptions to this rule: "first, where a party has made its position clear to the court previously and further objection would be futile; and second, where it is necessary to correct a fundamental error or prevent a miscarriage of justice." Id. (quotation marks omitted). The second exception applies plain error review -- which requires (1) error; (2) that was plain; and (3) affected substantial rights; and if those three prongs are met, we may exercise our discretion to correct the error if (4) it seriously affects the fairness, integrity or public reputation of judicial proceedings. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

We review evidentiary decisions in the district court for abuse of discretion, and we will overturn an evidentiary ruling only if "the moving party establishes a substantial prejudicial effect." Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1276 (11th Cir. 2008). When an evidentiary issue is not preserved on appeal, we may take notice of plain error. Fed.R.Evid. 103(e). "Generally a party must object to preserve error in the admission of testimony. . . . A motion in limine, however, may preserve an error for appeal if a good reason exists not to make a timely

3

objection at trial." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1285 (11th Cir. 2000). If the litigant does not provide a good reason, the evidentiary issue is waived on appeal. See id. at 1286.

We review "the denial for a motion for judgment as a matter of law de novo," and we construe the evidence in the light most favorable to the nonmoving party. Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1237 (11th Cir. 2013). However, the failure to file a postverdict motion under Rule 50(b) renders an appellate court unable to enter a judgment contrary to the district court's judgment. Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 400-01 (2006). Thus, if the appellant failed to renew a Rule 50(a) motion through Rule 50(b), "there [is] no basis for review of the . . . sufficiency of the evidence challenge in the Court of Appeals." Id. at 407. Although we construe pro se filings liberally, "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993).

First, we are unpersuaded by Parker's claim that the district court abused its discretion by providing the jury with inadequate instructions. The U.S. Supreme Court has recognized that a prisoner's right to be free from cruel and unusual punishment includes the right to be free from "the use of excessive physical force . . . even when the inmate does not suffer serious injury." Wilkins v. Gaddy, 559

4

U.S. 34, 34 (2010) (quotation and alterations omitted). The inquiry is whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 37 (citation omitted).

In this case, Parker did not object to the jury instructions in the district court, so that argument is waived on appeal. Farley, 197 F.3d at 1329. But even if he had he adequately preserved an objection to the verdict form, his arguments have no merit. He does not provide any specific reasons that the jury instructions or verdict form were legally deficient except that the court did not instruct the jury on excessive force and he was unable to provide his own instructions. To the contrary, when taken together, the jury instructions and verdict form accurately portrayed the law on cruel and unusual punishment through excessive force. See Johnson, 280 F.3d at 1314. Thus, there was no error, much less plain error.

Similarly, we find no merit to Parker's claim that the district court erred by admitting evidence of Parker's claim that Singletary sexually assaulted him. The Federal Rules of Evidence state as a threshold matter that all evidence that is relevant to the case is admissible, unless otherwise provided by law. Fed.R.Evid. 402. Evidence is considered to be relevant if it tends to make a fact more or less probable than without the evidence and if "the fact is of consequence determining the action." Fed.R.Evid. 401.

5

In this appeal, Parker's arguments that the admission of evidence was barred by res judicata and collateral estoppel and that it deprived him of due process and equal protection were not presented before the district court.  Those arguments therefore are waived.  Further, he failed to object at trial to the admission of evidence of his sexual assault allegations, and he has not provided a good reason not to have made these objections.  As a result, this issue is not preserved for appeal.  See Frederick, 205 F.3d at 1285.  But in any event, the district court did not commit plain error by admitting this evidence because there was no error.  Indeed, the allegation was relevant because it spoke to both the circumstances of the alleged physical assault as well as to Parker's credibility, which made facts of consequence more or less probable to have occurred.  See Fed.R.Evid. 401, 402.

We also reject Parker's claim that the evidence admitted at trial did not support the verdict.  As the record shows,    Parker never moved for judgment as a matter of law under Federal Rules of Civil Procedure 50(a) and (b) in the district court, and he did not argue in his motion for a new trial that the verdict was based on insufficient evidence.  Thus, he is foreclosed from arguing that issue on appeal. See Unitherm Food Systems, 546 U.S. at 407.[1]

**AFFIRMED.**

---

[1]    Finally, Parker's motion to strike Singletary's response brief is DENIED, but his motion for leave to amend his reply brief is GRANTED.