[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10306
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-62393-JIC


MATTHEW D. VAN WAGNER,

Plaintiff-Appellant,

versus

BROWARD COUNTY SHERIFF OFFICE, et al.,

Defendants,

PHILIP HORNE,
Deputy Sheriff, Broward County,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 10, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Matthew Van Wagner appeals the judgment in favor of Philip Horne, the Deputy Sheriff of Broward County, Florida.  Van Wagner sued for injuries he received from another inmate while they were being transported by Horne to the Broward County Courthouse.  Van Wagner challenges the denial of his motion for a new trial in which he argued about an evidentiary ruling and Horne's alleged abuse of discovery.  We affirm.

We review the denial of a motion for a new trial for abuse of discretion. Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1237 (11th Cir. 2013).  "[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984) (quoting Conway v. Chemical Leaman Tank Lines, Inc., 610 F.2d 360, 363 (5th Cir. 1980)).

The district court did not abuse its discretion by refusing to order Detective Walter Foster to retrieve from archives a videotaped recording of Van Wagner's arrival at the courthouse.  The evidence would not have aided the jury and was cumulative to Foster's testimony.  Foster, who investigated the incident, testified that the surveillance cameras were located "far" from the prisoner unloading dock; the video recording was hazy; and Van Wagner was detectable in the video only

2

"because he [was], obviously, injured." Van Wagner argues that the video would have contradicted Horne's testimony that he called for assistance while en route to the courthouse, but the video would have been cumulative to Foster's testimony that Horne did not call for assistance until he arrived at the courthouse. See Fed. R. Crim. P. 403.

The district court also did not abuse its discretion when it failed to consider awarding sanctions for Horne's alleged abuse of discovery. "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Van Wagner argues that he was entitled to sanctions because he was not provided a copy of Foster's investigatory report before trial, but after Van Wagner mentioned the delay in receiving the report, the district court called a recess and allowed Van Wagner to review the report overnight. Van Wagner did not request additional time to review the report, and after he reviewed additional documents provided by Foster, Van Wagner announced that he was ready to proceed with the trial. Van Wagner fails to argue, much less establish, that he was prejudiced by admission of Foster's report.

We **AFFIRM** the judgment in favor of Horne.

3