## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20023

United States Court of Appeals
Fifth Circuit

**FILED**
April 20, 2020

Lyle W. Cayce
Clerk

MICHAEL J. HEWITT,

Plaintiff - Appellant

v.

HELIX ENERGY SOLUTIONS GROUP, INCORPORATED; HELIX WELL OPS, INCORPORATED,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, HIGGINSON, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

A panel of this court recently divided over the proper interpretation of a Labor Department regulation issued under the Fair Labor Standards Act (FLSA). *See Faludi v. U.S. Shale Sols.*, 936 F.3d 215 (5th Cir. 2019), *opinion withdrawn*, 950 F.3d 269 (5th Cir. 2020). Today we revisit the issue initially raised, but ultimately left undecided, in *Faludi*.

The regulation in question defines what it means for an employee to be compensated on a "salary basis"—a requirement that must be met for an employer to qualify for certain exemptions under the FLSA. As the regulation makes clear, an employee is paid on a "salary basis" if he "regularly receives

No. 19-20023

each pay period on a weekly, or less frequent basis, a predetermined amount"—and if that salary is paid "without regard to the number of days or hours worked." 29 C.F.R. § 541.602(a), (a)(1).

Based on those provisions, the dissent in *Faludi* concluded that an employee is *not* paid on a salary basis—and therefore *is* entitled to the protections of the FLSA—if the employee is paid a daily, rather than weekly, rate. *See* 936 F.3d at 222 (Ho, J., dissenting). The majority initially disagreed. *Id.* at 220. But after the employee in *Faludi* filed a petition for rehearing en banc, the panel majority withdrew its earlier opinion and decided the case on other grounds. *See Faludi v. U.S. Shale Sols.*, 950 F.3d 269, 271 (5th Cir. 2020).

The case we decide today presents the same interpretive question that divided our court in *Faludi*. We hold, consistent with the dissent in *Faludi*, that an employee who is paid a daily rate is not paid on a "salary basis" under 29 C.F.R. § 541.602(a). Accordingly, we reverse the district court and remand for further proceedings.

## I.

Michael Hewitt was an employee of Helix for over two years, working as a Tool Pusher. In that position, Hewitt managed other employees while on a "hitch"—that is, while working offshore on an oil rig. Each hitch lasted about a month. Helix paid Hewitt a set amount for each day that he worked. Hewitt received his paycheck biweekly.

Hewitt worked more than forty hours a week. So under the FLSA, he would ordinarily be entitled to overtime unless he was an exempt employee. 29 U.S.C. §§ 207(a)(1), 213(a)(1).

And that is what Helix contends, arguing that Hewitt is either an exempt executive or highly compensated employee. *See* 29 C.F.R. § 541.100 (executive employees); § 541.601 (highly compensated employees).

2

No. 19-20023

Both of those exemptions require the employer to meet both a duties test and a salary test. The salary test, in turn, has two components—first, the employer must pay the employee a minimum per-week rate, and second, the employer must pay the employee on a "salary basis." *Id.*

Hewitt contends that Helix did not pay him on a "salary basis" because it calculated his pay based on a daily, rather than weekly, rate. Helix responds that Hewitt's daily rate was greater than the weekly salary requirement under Labor Department regulations. Accordingly, Helix argues, so long as Hewitt worked at least a single day during any particular week, he would receive more than the weekly salary requirement, and was therefore paid on a "salary basis" under Labor Department regulations.

The district court agreed with Helix and granted summary judgment to the company on the ground that Hewitt is exempt as either an executive or highly compensated employee. *Hewitt v. Helix Energy Sols. Grp., Inc.*, 2018 WL 6725267, at *4 (S.D. Tex. Dec. 21, 2018). Hewitt appealed.

The primary question presented on appeal is purely a matter of legal interpretation. As such, review is de novo. *See 21st Mortg. Corp. v. Glenn (In re Glenn)*, 900 F.3d 187, 189 (5th Cir. 2018). For the reasons we explain below, we reverse.

## II.

At the heart of this appeal is the proper interpretation of the following Labor Department regulation:

> An employee will be considered to be paid on a 'salary basis' within the meaning of this part if the employee *regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount* constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

29 C.F.R. § 541.602(a) (emphasis added).

3

No. 19-20023

Broadly speaking, then, § 541.602(a) requires that an employee receive for each pay period a "predetermined amount" calculated on a "weekly, or less frequent" pay period. To put it plainly: The salary basis test requires that an employee know the amount of his compensation for each weekly (or less frequent) pay period during which he works, *before* he works.[1]

An example helps: Consider an employee with an employment contract providing an annual salary to be paid biweekly. That employee can easily determine what he will receive every two weeks before he works—just divide his annual salary by twenty-six. He is thus "paid on a 'salary basis.'" *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter (July 9, 2003) (reviewing a pay system guaranteeing that employees "will be paid at least 1/26th of their annual salary every other week").[2]

Now consider Hewitt. He was paid biweekly. But he did not receive a constant fraction of his annual compensation—akin to the 1/26th amount mentioned above—for each biweekly pay period. Rather, he had to take the number of days he worked (past tense) and multiply by the operative daily rate to determine how much he earned. So Hewitt knew his pay only *after* he worked through the pay period.

---

[1] Subsection (b) does allow employers to deduct, and thus, vary, employees' pay while still paying them on a salary basis. That subsection is not at issue in this case.

[2] To be sure, that is an approximation—there are 52 weeks *plus one day* in a 365-day year. So technically, the annually-salaried employee will receive slightly less than 1/26th of the annual salary per biweekly paycheck. But the point is the same—that employee can count on receiving at least that predetermined amount for each biweekly paycheck. *See also*, *e.g.*, *Escribano v. Travis County*, 947 F.3d 265, 267 (5th Cir. 2020) ("'Salary basis' . . . generally means what its label suggests: an employee is paid on a salary basis if he or she receives the same wage each pay period."); *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183, 189 (6th Cir. 2017) (noting that an annual salary meets the salary basis test); *id.* at 193 n.7 (comparing payment on a salary basis to an employment contract with a set compensation); *In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1184 (10th Cir. 2005) ("[T]he natural reading of ['predetermined amount'] is that it refers to the amount previously agreed on for the period for which the salary is to be paid.").

No. 19-20023

As a result, he did *not* receive a "predetermined amount" "on a weekly, or less frequent basis"—rather, he received an amount contingent on the number of days he worked each week. So he was not paid on a "salary basis" under Labor Department regulations. *See, e.g.*, *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183, 189 (6th Cir. 2017) (calculating compensation based on a per-day amount meant that "it was very much disputed whether what [the employees] received weekly was in fact guaranteed"); *cf. Anani v. CVS RX Servs., Inc.*, 730 F.3d 146, 148 (2d Cir. 2013) (noting that an employee's salary was "guaranteed" when it was "paid regardless of the number of hours appellant actually worked in a given forty-four-hour shift").[3]

Any doubt that this is a proper reading of § 541.602(a) is put fully to rest by looking at § 541.602(a)(1). That section provides as follows: "[A]n exempt employee must receive the *full* salary for any week in which the employee performs any work *without regard to the number of days or hours worked*." 29 C.F.R. § 541.602(a)(1) (emphases added).

Hewitt's pay cannot be squared with this provision. He was paid on a daily rate—so he was paid "*with*" (not "without") "regard to the number of days or hours worked," in direct conflict with the plain language of § 541.602(a)(1). So § 541.602(a)(1) confirms that Hewitt was not paid on a salary basis.[4]

---

[3] If Hewitt and Helix agreed beforehand on the length of each hitch, there could be an argument that Hewitt's salary was "predetermined." *See, e.g.*, *Thomas v. County of Fairfax*, 803 F. Supp. 1142, 1149 n.15 (E.D. Va. 1992). Helix did not make that argument to the district court, and only mentions that point here in passing, burying it in a paragraph discussing § 541.604(b). So we will not consider the argument. *See, e.g.*, *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009) ("[A]rguments not raised before the district court are waived."); *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("We will not raise and discuss legal issues that [a party] failed to assert.").

[4] The parties also discuss whether Helix meets the alternative requirements of 29 C.F.R. § 541.604(b), which governs employment compensation based on minimum weekly guarantee in addition to hourly or daily rates. As § 541.604(b) provides, an employer may "compute[ an employee's earnings] on an hourly, a daily or a shift basis," while still satisfying "the salary basis requirement," so long as "the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis"—that is,

No. 19-20023

**\* \* \***

We reverse the grant of summary judgment to Helix and remand for proceedings consistent with this opinion.[5]

---

paid according to § 541.602. 29 C.F.R. § 541.604(b). Two problems here: As explained above, Helix did not pay Hewitt on a salary basis, as § 541.604(b) expressly requires. Moreover, § 541.604(b) requires that there be "a reasonable relationship . . . between the guaranteed amount and the amount actually earned." Helix does not even attempt to claim that it meets that requirement, instead saying that the test does not apply.

[5] Hewitt also asks for liquidated damages. *See* 29 U.S.C. § 216(b). But the district court decided this case on summary judgment. Issues relating to liability, including whether liquidated damages are appropriate, *see, for example, Lowe v. Southmark Corp.*, 998 F.2d 335, 337 (5th Cir. 1993), are best left to the district court in the first instance.